BLANCHE FISHER, City Clerk of the City of North Las Vegas, Nevada, Appellant, v. STATE OF NEVADA, on the Relation of Glen R. Wait, Respondent.

No. 3721

August 6, 1952.                    246 P.2d 804.

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Dotson & Earl,* of Las Vegas, for Respondent, Glen R. Wait.

**OPINION**

*Per Curiam:*

On March 18, 1952 the voters of the City of North Las Vegas, Clark County, Nevada, in special election

authorized the issuance of negotiable sewer bonds for the purpose of constructing a sanitary sewer system along certain streets and alleys of that city. On June 2, 1952 the city enacted ordinance No. 78 providing for the formation of an assessment district to defray a portion of the cost of the proposed sewer system. The provisions of the ordinance required certain actions on the part of the city clerk including the execution and publication of a notice of intention to form the assessment district. The clerk refused to execute the notice or perform the other acts required of her by the ordinance upon the ground that the ordinance was invalid, being in conflict with sec. 1179, N.C.L.1929. Upon her refusal to act a writ of mandate was sought from the district court of Clark County by respondent Wait as a resident and property owner of the city. On July 7, 1952 a peremptory writ of mandate was issued by the district court providing: "NOW THEREFORE, You, the said BLANCHE FISHER, City Clerk of the City of North Las Vegas, State of Nevada, are hereby commanded to execute the notice contained in Ordinance No. 78 of said City as required by said notice and to publish said Notice as provided therein, and to cause said Notice to be posted in such places as provided therein and that you do each and everything required of you by said Ordinance No. 78 appertaining to the Notice of Determination and intention to establish SANITARY SEWER IMPROVEMENT ASSESSMENT DISTRICT NUMBER ONE (1); and you are further commanded to make known to this District Court, in and for the County of Clark, State of Nevada at the hour of 10 o'clock A.M., on the 9th day of July, 1952, how you have executed this Writ and have you then and there this Writ."

From the judgment of the court directing the issuance of that writ the city clerk has taken this appeal.

Section 1179, N.C.L.1929, deals with the power of municipalities to form assessment districts and provides:

"Such part of the expenses of improving any streets,

lanes, avenues or alleys by grading, paving, graveling, curbing, parking, constructing sidewalks or crosswalks, or otherwise improving the same, as the council shall determine, may be paid from the general fund or district street fund, from the proper street district, or the said cost or a portion thereof, as the council shall determine, may be defrayed by special assessments upon lots and premises abutting upon that part of the street or alley so improved or proposed so to be, or the lands abutting upon such improvement and such other lands as in the opinion of the council may be benefited by the improvement. When the city council shall determine to make any public improvement, such as laying pavements, constructing sewers, drains, sidewalks and crosswalks, curbing, macadamizing, oiling, graveling or grading any streets, avenues or alleys or in any way improving the same, and shall determine to defray the whole or any part of the costs or expenses thereof by special assessment, they shall so declare by ordinance, stating the improvements and what part or portion of the expenses thereof shall be paid by special assessments and what amount shall be paid out of the general fund, street fund, district street fund or any other fund."

Appellant's sole contention upon this appeal is that the section by its very language purports to relate to the improving of streets, lanes, avenues and alleys; that the word "sewer" as used therein should therefore be construed, in the light of the context of the section, to be limited to storm sewers for proper surface drainage of thoroughfares and may not be construed to include sanitary sewers such as are proposed by ordinance No. 78.

In our view there is no merit in this distinction. The purpose of sanitary sewers is to make possible the elimination of the ancient and unsanitary practice of dumping refuse and filth into the streets themselves. It can, therefore, hardly be contended that sanitary

sewers have no relation to the improvement of streets. That the word "sewers" as used in the statute was not intended to be confined to underground drains is clear from the fact that the statute enumerates "drains" as well.

The judgment of the district court is affirmed.